IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |
|---|---|
| MICHAEL STAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CONMED HEALTHCARE | ) |
| MANAGEMENT, INC., | ) |
| JAMES SOKOL, and | ) |
| YVONNE STEWART, | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 1:13-cv-847

F I L E D

SEP 1 7 2013

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

This matter comes before the Court on the Motion of Conmed Healthcare Management, Inc., James Sokol, and Yvonne Stewart ("Defendants") for Summary Judgment under Fed. R. Civ. P. 56, and to Waive Oral Hearing under Fed. R. Civ. P. 78(b).

Michael Star ("Plaintiff") has been an inmate in the Loudon County Adult Detention Center ("ADC") since April 2, 2013. He filed a complaint against Defendants in the Circuit Court of Loudon County on or about May 9, 2013, alleging that Defendants violated his "civil rights . . . established by the Virginia Constitution and Bill of Rights, along with the Federal Laws [sic] that govern the same rights" when they refused to afford him knee surgery so he could participate in the prison's work release program.  This Court granted Defendants' July 11, 2013,

1

Motion for Removal based on this claim sounding as an action under 42 U.S.C. § 1983.

Upon arriving at ADC on April 2, Defendants observed that Plaintiff's medical history included a right-knee injury from 2012, with a tear in both his right lateral collateral ligament and medial meniscus. He remained on pain medication through April 21, 2013. ADC received Plaintiff's medical records on April 16, 2013, which included an MRI report from January 28, 2013, showing Plaintiff's knee injury. Based on this report, Defendant Yovnne Stewart denied Plaintiff's April 24, 2013, health services request for work release.

On April 26, 2013, Plaintiff filed another health services request, this time threatening a lawsuit if he was not physically examined and granted work release. At this particular point, Plaintiff claims that he was "not having any trouble with [his] knee," and was not taking any medication for it.

On April 28, 2013, Plaintiff wrote to Defendant James Sokol, ADC's medical director, demanding that he be allowed to waive any medical issues and participate in ADC's work release program. He continued to threaten legal action if he was not granted access to the program.

Plaintiff changed his tune on May 1, 2013. He filed a health services request with ADC demanding knee surgery,

characterizing his need as a "chronic" one that "should not be ignored." Defendant Sokol advised the Plaintiff in response that he would be required to pay for such surgery because it is not life threatening, and because it existed before his incarceration at the ADC. On May 2, 2013, the Plaintiff further demanded access to an orthopedic specialist to treat his knee injury.

Nevertheless, Plaintiff filed an injunction on May 10, 2013, wherein he claims that he is "not suffering any limitation with his knee[,] and seeks the intervention of the Circuit Court to determine if the previous knee injury will cause further injury to [Plaintiff] if he participates in the Work Release Program." The Circuit Court denied the injunction on May 24, 2013, and no further action was taken until Plaintiff's case was removed to this Court in July.

Defendants moved for summary judgment on July 29, 2013, and moved to waive oral hearing on the summary judgment motion on July 30. The Defendants made this Court aware on August 6, 2013, that their correspondence to Plaintiff was returned as undeliverable. The address used by Defendants is the same one Plaintiff has on record with the Court, and Plaintiff stated it as his return address on filings as recently as July 15, 2013. Plaintiff has neither filed with this Court to update his address, nor otherwise updated this Court and Defendants. As

3

the time for Plaintiff to file a response has passed, the facts proffered by Defendants in their Memorandum in Support of Summary Judgment are deemed admitted.

The Court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "The burden of the moving party . . . may be discharged by simply pointing out 'that there is an absence of evidence to support the nonmoving party's case.'" Carr v. Deeds, 453 F.3d 593, 608 (4th Cir. 2006), citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). That is, "[t]he moving party need not produce evidence, but simply can argue that there is an absence of evidence" by which the nonmovant can prevail at trial. Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390, 393 (4th Cir. 1994).

While the Court construes all reasonable inferences in favor of the nonmoving party when weighing summary judgment, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), the mere allegation of a dispute is insufficient, see id. at 247-48 ("the requirement is that there be no genuine issue of material fact.") (emphasis in original).

Here, the Plaintiff alleges that the Defendants violated his civil rights by failing to provide him a physical evaluation so that he may participate in ADC's work release program. The

4

core of his complaint is that Defendants inappropriately assessed his fitness for the work release program by relying on his medical history and MRI.  This allegation is insufficient.

Claims of "mistreatment or non-treatment must be capable of characterization as 'cruel and unusual punishment' in order to present a colorable claim under § 1983." Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); see also Coleman v. Poff, 497 Fed. App. 337, 339 (4th Cir. 2012) (unpublished) ("Mere disagreement with the course of treatment provided by treating officials also falls short of a valid claim."). Conclusory allegations of mistreatment do not transform Plaintiff's mere disagreement over proper medical examination into a genuine issue of material fact.

Moreover, Plaintiff's inconsistent representations regarding his knee cast doubt on his claim's veracity. Plaintiff insisted – more than once – that his knee was not bothering him, that he took no medication for it, and that his knee would not inhibit work release.  Mere weeks later, Plaintiff demanded surgery for his "chronic" knee condition, and treatment by an orthopedic specialist.

Plaintiff is striving to establish a genuine issue of material fact in his claim of deliberate medical indifference under § 1983.  Yet Defendants' exhibits reveal he fails to do so.  His claim requires both an "apparent and serious" medical

5

need, and "deliberate [denial of attention] . . . without legitimate penological objective" toward that need. <u>See Grayson v. Peed</u>, 195 F.3d 692, 695 (4th Cir. 1999). Yet Plaintiff's contradictory claims about his knee's needs belie a genuine dispute over the existence of an "apparent and serious" medical need. Finally, mere disagreement over the Defendants using Plaintiff's medical history and MRI to diagnose him is not a deliberate denial of attention.

With an absence of evidence upon which the Plaintiff can prevail, the Court accordingly GRANTS Defendants' Motion for Summary Judgment, and their Motion to Waive Oral Hearing.

                                        /s/
                                Claude M. Hilton
                            United States District Judge


Alexandria, Virginia
September _17_, 2013